IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

SAIGER LLC d/b/a LAIF.WORKS,

        Plaintiff,

v.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability
company,

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendants, Gabriel González Andersson ("Andersson") and Glezco, LLC ("Glezco," together with Andersson, "Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal ("Notice"), removing this action to the United States District Court for the Southern District of Florida, Miami Division. This cause was originally filed and is presently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case No. 2020-022232-CA-01). And, as grounds for removal, Defendants respectfully state:

## Procedural Background

1.    Plaintiff Saiger, LLC. ("Saiger") initiated this matter by filing its Complaint against Defendants with the Eleventh Judicial Circuit on or about October 14, 2020. Glezco was served with a copy of the Summons and Complaint on October 27, 2020. Andersson voluntarily accepted service on November 12, 2020.

2.       In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached hereto collectively as Exhibit A.

3.       Removal is timely because this Notice of removal is being filed within 30 days after Defendants were served with process.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Jones v. Commonwealth Land Title Ins. Co.*, 459 Fed. Appx. 808, 810 (11th Cir. 2012) (30-day period referenced in 28 U.S.C. § 1446(b)(1) begins running when defendant is formally served with process).

**Grounds for Removal - Diversity (28 U.S.C. § 1332(a))**

4.       This matter is properly removable pursuant to the diversity jurisdiction grounds set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441.

5.       Plaintiff seeks, among other relief, a declaration that Defendants breach the various contracts between them, as such in this action for declaratory relief "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). In this case, well over the $75,000 threshold.

6.        The amount in controversy in this matter, excluding interest and costs, exceeds the sum of $75,000. *See* Plaintiff's Complaint ("Compl.") ¶ 19(a)-(c) ("Upon full payment from DHSC for the sale of 1,000,000 boxes of Titan nitrile gloves, Saiger LLC **would pay Glezco approximately $1,667,896.57** for 'services performed'. . . .") (emphasis added); ("Upon full payment from DHSC for the sale of 3,000,000 boxes of Blue Sail nitrile gloves, **Saiger LLC would pay Glezco approximately $3,661,645.57** for 'services performed' . . .") (emphasis added); ("Upon full payment from DHSC for the sale of 10,200,000 surgical gowns, **Saiger LLC would pay Glezco approximately $16,007,521.47** for 'services performed'") (emphasis added).

7.      "For purposes of determining diversity jurisdiction the citizenship of a limited liability corporation (LLC) is the citizenship of each of its members. *Rolling Greens MPH, L.P., v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); . . . . If a member of an LLC is itself an LLC, the citizenship of the LLC 'must be traced through however many layers of partners or members there may be.' *Orchid Quay, LLC, v. Suncor Bristol Bay, LLC,* 178 F.Supp.3d 1300, 1304 (S.D. Fla. 2016) (Marra, J.) . . . ." *Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018).

8.      Saiger is a Florida Limited Liability Company. Saiger's sole member is Michael Saiger, a natural person and otherwise *sui juris*, who is a citizen of Florida. Furthermore, Saiger's principal place of business is in Miami, Florida. *See* Complaint, ¶ 3. As such, Saiger is citizen of the state of Florida.[1]

9.      Glezco is a Florida Limited Liability Company. Glezco's members are Gabriel Gonzalez Andersson, a natural person and otherwise *sui juris*, who is a citizen and resident of Benidorm, Spain, and Juan Manuel Garces Perez, a natural person and otherwise *sui juris*, who is a citizen and resident of Madrid, Spain. Furthermore, Glezco's principal place of business is in Madrid, Spain. As such, Glezco is a citizen of Spain, and not Florida.

10.      Gabriel Gonzalez Andersson, a natural person and otherwise *sui juris*, who is a citizen and resident of Madrid, Spain. As such, Andersson is a citizen of Spain, and not Florida.

11.      In short, Defendants are not Citizens of Florida, and were not citizens of Florida at the time of filing of this Notice of Removal. There is no factual dispute regarding the citizenship of Defendants, and/or the citizenship of any of Glezco's LLC members.

---

[1] A true and correct copy of an email from Plaintiff's counsel acknowledging Michael Saiger is the only member of Saiger, LLC is attached hereto as Exhibit B.

12.     Given that Plaintiff is a citizen of Florida and Defendants are citizens of Spain, all parties are diverse.

### Defendant Has Satisfied the Procedural Requirements for Removal.

13.     This Notice is timely pursuant to 28 U.S.C. § 1446(b).  (*See* ¶ 3 above.)

14.     Defendants include herewith copies of all process, pleadings, and orders served upon it in the matter to date, pursuant to 28 U.S.C. § 1446(a).

15.     Venue is proper in this Court because it is the "district and division within which [this] action is pending."  28 U.S.C. § 1446(a); 28 U.S.C. § 1441(a).

16.     In accordance with 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Defendants will give written notice to counsel for Plaintiff in this action and will file a copy of the original Notice with the Eleventh Judicial Circuit.

17.     Defendants have not previously applied for the relief sought herein.

18.     By filing this Notice of Removal, Defendants does not waive, but to the contrary expressly preserve, any and all defenses which may be available to them in this matter, including, without limitation, defenses based on lack of personal jurisdiction, improper service of process, improper venue, lack of subject matter jurisdiction, and the failure to state a valid claim.

### Conclusion

19.     This matter is properly removed to this Court because, as set forth above, this Court has subject matter jurisdiction based on diversity jurisdiction.

308241707.2

November 13, 2020

Respectfully submitted,

**K&L Gates, LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Telephone:  305-539-3300
Facsimile:  305-358-7095

By: */s/ Jonathan B. Morton*
     Jonathan B. Morton
     Florida Bar No. 956872
     Jonathan.morton@klgates.com
     Javier A. Roldán Cora
     Florida Bar No. 1010311
     Javier.roldancora@klgates.com
     *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on this 13th day of November, 2020, (1) a true and correct copy of the foregoing document was filed electronically with the Clerk of Court for the Southern District of Florida using the Court's CM/ECF document filing system and will be served on counsel of record who are registered for CM/ECF service in this matter; and (2) the foregoing document was also served on the persons named below via email.

     */s/ Jonathan B. Morton*
     Jonathan B. Morton

- 5 -

## **Service List**

Etan Mark
Daniel Maland
Jany Fernandez
**Mark Migdal & Hayden**
Brickell City Tower
80 SW 8th Street, Suite 1999
Miami, FL 33130
Etan@markmigdal.com
Daniel@markmigdal.com
Jany@markmigdal.com

*Counsel for Plaintiff*

- 6 -

# COMPOSITE

# EXHIBIT  A

Case 1:20-cv-24672-DLG   Document 1   Entered on FLSD Docket 11/13/2020   Page 8 of 67

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>SAIGER LLC</u>
Plaintiff

vs.

<u>GABRIEL GONZALEZ ANDERSSON, GLEZCO LLC</u>
Defendant

Case # _____

Judge _____

---

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.   TYPE OF CASE   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☐ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☐ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☐ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Etan Mark            Fla. Bar # 720852
        Attorney or party            (Bar # if attorney)

Etan Mark              10/14/2020
  (type or print name)            Date

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

SAIGER LLC d/b/a
LAIF.WORKS,

     Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

     Defendants.

_____/

## **COMPLAINT**

Plaintiff Saiger LLC d/b/a Laif.Works ("Saiger LLC" or "Plaintiff"), by and through its undersigned counsel, hereby files a civil action against the Defendants, Gabriel González Andersson ("Andersson") and Glezco, LLC ("Glezco," together with Andersson, "Defendants") and in support thereof states:

## **NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1.    This is an action for fraud in the inducement, rescission, as well as for declaratory relief pursuant to Fla. Stat. Ch 86.01.

2.    Venue is proper in Miami-Dade County, Florida pursuant to Florida Statutes § 47.011 as the parties have contractually consented to jurisdiction in this forum, both Plaintiff and Glezco Defendant are Florida Limited Liability companies, Plaintiff's principal place of business is located in this forum, and the cause of action accrued in this forum.

3.    Plaintiff is a Florida limited liability company with its principal place of business in Miami, Florida.

4.      Defendant Andersson is a natural person residing in Madrid, Spain and is otherwise *sui juris.*

5.      Defendant Glezco is a Florida limited liability company with a principal place of business in Madrid, Spain.

6.      All conditions precedent to this action have occurred, been performed, or have otherwise been waived.

## GENERAL ALLEGATIONS

7.      In the first quarter of 2020, Michael Saiger, Plaintiff's principal, established Saiger LLC's business of assisting governmental entities in obtaining large quantities of personal protective equipment ("PPE") in response to COVID-19.

8.      At the time of its creation, Mr. Saiger had significant experience in working with manufacturers and distributors in China. Based on this experience, Mr. Saiger was able to secure a number of lucrative contracts with the government of the United Kingdom.

9.      Looking to solidify its operations and expand its footprint in Europe, in March 2020, Saiger LLC began discussions with Defendant Andersson. As a result of representations made by Mr. Andersson during those discussions, Mr. Saiger understood Mr. Andersson to be an experienced operator of large-scale distribution projects, similar to the types of projects Saiger LLC was undertaking.

10.     Mr. Saiger and Mr. Andersson discussed a role for Mr. Andersson with Saiger LLC where he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment – effectively acting as Saiger LLC's third-party Chief Operating Officer.

11.    Through the course of these conversations, Mr. Andersson assured Mr. Saiger that he had the ability to and would actively engage in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for each project in which he was employed.

12.    Although Mr. Andersson wanted a long-term contractual commitment from Saiger LLC, the parties ultimately decided that Mr. Andersson would be compensated on a project-by-project basis subject to his continued commitment and participation.

13.    Mr. Andersson did very well under this arrangement, and for his assistance in the completion of two (2) contracts, was paid more than $28 million.

14.    On or about June 11, 2020, Mr. Saiger and Mr. Andersson continued discussions regarding Mr. Andersson's future role in Saiger, LLC.  In particular, Saiger LLC had sourced three new contracts with the United Kingdom's Department of Health and Social Care ("DHSC") and Mr. Saiger and Mr. Andersson wished to discuss Mr. Andersson's future commitment to Saiger.

15.    During that conversation, Mr. Saiger advised Mr. Andersson that in order for him to receive compensation under each of the consulting agreements, he would need to maintain or exceed his current level of participation on a project-by-project basis.  Andersson assured Mr. Saiger and Saiger LLC that he would do just that.

16.    In mid-June 2020, in continued reliance on Mr. Andersson's representations to Mr. Saiger regarding the proactive role he would play for Saiger LLC, its customers, and its manufacturers on a project-by-project basis, Mr. Saiger and Mr. Andersson signed three new consulting agreements – one for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns (together, the "Agreements").

17.    Each of these Agreements is attached hereto as Exhibit A, B and C, respectively.

18.     As was the case with prior agreements, each Agreement expressly contemplated that Mr. Andersson would provide services to Saiger LLC, which includes "sourcing the manufacturer, due diligence and coordinating logistics." See Exs. A, B and C at 1.

19.     Subject to Mr. Andersson's performance, and as consideration for Mr. Andersson's work, Saiger LLC agreed to pay Glezco as follows:

     a.   Upon full payment from DHSC for the sale of 1,000,000 boxes of Titan nitrile gloves, Saiger LLC would pay Glezco approximately $1,667,896.57 for "services performed" (see Ex. A);

     b.   Upon full payment from DHSC for the sale of 3,000,000 boxes of Blue Sail nitrile gloves, Saiger LLC would pay Glezco approximately $3,661,645.57 for "services performed" (see Ex. B);

     c.   Upon full payment from DHSC for the sale of 10,200,000 surgical gowns, Saiger LLC would pay Glezco approximately $16,007,521.47 for "services performed" (see Ex. C).

20.     Saiger LLC and Mr. Andersson intended that Glezco benefit from the Agreements, as all payments under the Agreements were to be made to Glezco subject to the terms of the Agreements, including but not limited to Mr. Andersson's fulfillment of his responsibilities.

21.     Mr. Andersson understood these roles and responsibilities as a condition to payment, as he had provided these services in the performance of previous consulting agreements. These responsibilities included (i) providing logistics and shipping support services for the Plaintiff; (ii) working to ensure that Plaintiff's products were and are delivered to Plaintiff's customers in accordance with Plaintiff's existing and forthcoming customer contracts and commercial/customs specifications; (iii) assisting Plaintiff in sourcing manufacturers to produce

4

required products; (iv) monitoring Plaintiff's product production and deliveries to ensure the Plaintiff's delivery schedules are met; (v) engaging in quality control; (vi) ensuring that Plaintiff's operations generally ran smoothly with regard to the shipment and delivery of Plaintiff's products to its customers; and (vii) reviewing product/factory documentation and samples to ensure Plaintiff's compliance with regulatory standards and customer specification.

22.     Immediately following the execution of the Agreements, Mr. Andersson stopped performing any of the required services under the Agreements.

23.     Mr. Andersson did not provide the Plaintiff with notice, reason or explanation for why he failed to perform his duties under the Agreements.

24.     Without Mr. Andersson's help, Plaintiff was left to scramble, at its own considerable time and expense, and expend substantial resources to course correct and complete the work Mr. Andersson failed to perform under these agreements.

25.     Plaintiff made repeated attempts to re-engage and reconnect with Mr. Andersson, with no success.

26.     Plaintiff relied on Mr. Andersson to perform pursuant to the terms of their Agreements, and Mr. Andersson's refusal and failure to perform under the Agreements have constituted a breach of contract such as to relieve Plaintiff of its obligations to compensate Defendants under these contracts.

27.     Defendants on the other hand are poised to receive a windfall should they be paid out under these contracts, as they will be compensated despite having failed to provide any of the services he was required to provide under these contracts.

28.     Unfortunately, and unacceptably, Defendants' failure to perform under the contracts caused business interruptions that delayed the delivery of PPE to health care providers and first responders in the United Kingdom during the COVID-19 pandemic.

29.     On October 14, 2020, Saiger LLC informed the Defendants in writing that it was rescinding the Agreements as a result of Mr. Andersson's breaches.  *See* Notice of Rescission, attached as Exhibit D.

30.     Each of the Agreements contains an unambiguous governing law and venue clause in which Plaintiff and Mr. Andersson expressly consent to the exclusive jurisdiction of the state and federal courts located in Miami-Dade County, Florida; waive any and all objections to such venue on forum non conveniens or other grounds; consent to personal jurisdiction of the courts of Florida; and agree that the agreements shall be construed and governed in accordance with the laws of the State of Florida.  *See* Exhibits A, B, and C at §3.

31.     Saiger LLC has retained the services of Mark Migdal & Hayden and is obligated to pay it a reasonable fee for its services.

### COUNT I – FRAUD IN THE INDUCEMENT
**Against Andersson**

32.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

33.      In April 2020, and again in June 2020, Mr. Andersson made multiple false statements to Mr. Saiger regarding the material facts that he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for the Agreements.

34.     Included among those false statements were Mr. Andersson's misrepresentations and agreements that he would only seek to be paid after performing the work contemplated and required by the Agreements.

35.     On or about June 11, 2020, as part of their negotiations, Saiger LLC advised Mr. Andersson that in order for him to receive compensation under each of the consulting agreements, he would need to maintain or exceed his participation on a project-by-project basis.  Andersson assured Mr. Saiger and Saiger LLC that he would do just that.

36.     At the time he made the representations, Mr. Andersson knew or should have known that those representations were false and that he had no intention of performing under the Agreements, and that he would inequitably seek to be paid despite having performed no work under the Agreements.

37.     Through his misrepresentations, Mr. Andersson intended to induce Saiger LLC to enter into the Agreements with Mr. Andersson.

38.     In mid-June 2020, in reliance on Mr. Andersson's representations to Mr. Saiger regarding the pro-active role he would play for Saiger LLC on a project-by-project basis, Saiger LLC and Mr. Andersson signed three new consulting agreements – one for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns.

39.     Mr. Andersson has not engaged in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements, as promised, and thus has breached each of the Agreements.

40.     Saiger LLC has suffered damages in justifiable reliance on Mr. Andersson's representations and concealments as pertains to those Agreements.  But for its reliance upon the

aforesaid misrepresentations of material fact and concealment of material facts by Mr. Andersson, Saiger LLC would not have entered into the Agreements.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter final judgment against Defendants Gabriel González Andersson and Glezco, LLC in Saiger LLC's favor for fraud in the inducement, order that the Agreements be rescinded in their entirety such as to return all parties to the status quo, award Plaintiff attorneys' fees and costs incurred in bringing this action, together with such other relief this Court deems just and proper under the circumstances. Saiger LLC reserves the right to claim punitive damages in accordance with governing law.

<u>**COUNT II – RESCISSION**</u>
**Against All Defendants**

41.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

42.     Saiger LLC and Mr. Andersson agreed that Mr. Andersson would serve as a consultant to Saiger LLC on a project-by-project basis.

43.     In April 2020, and again in June 2020, Mr. Andersson made multiple fraudulent statements to Saiger LLC regarding the material facts that he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for the Agreements.

44.     Mr. Andersson knew or should have known that those representations were false and that he had no intention of performing under the Agreements at the time he made the representations.

45.     In mid-June 2020, in reliance on Mr. Andersson's fraudulent misrepresentations to Saiger LLC regarding the proactive role he would play for Saiger LLC's customers on a project-

by-project basis, Saiger LLC and Mr. Andersson signed three new consulting agreements – one for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns, each of which is attached hereto as Exhibit A, B and C, respectively.

46.     Mr. Andersson has not engaged in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements, as promised, and thus has breached each of the Agreements.

47.     On October 14, 2020, Saiger LLC informed the Defendants in writing that it was rescinding the Agreements as a result of Mr. Andersson's breaches.

48.     Upon information and belief, Saiger LLC has received no benefits from the Defendants from the Agreements, and thus there are no benefits to be restored to the Defendants.

49.     Being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson's intention that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Mr. Andersson's misrepresentations.

50.     Saiger LLC has no adequate remedy at law.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter final judgment against Defendants Gabriel González Andersson and Glezco, LLC in Plaintiff's favor for rescission of the Agreements, order that the Agreements be rescinded in their entirety such as to return all parties to the status quo, together with such other relief this Court deems just and proper under the circumstances.

### COUNT III - DECLARATORY JUDGMENT
### (BREACH OF CONTRACT)
**Against All Defendants**

51.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

52.     The parties have a bona fide, actual, present and practical need for a declaration concerning their present rights, duties, obligations and status under the Agreements.

53.     Saiger LLC and Defendants' rights as to each other are dependent upon the facts and the law applicable to those facts, as determined by the Court.

54.     Saiger LLC takes the position that Mr. Andersson has breached the Agreements by failing to perform any and all of their duties under the Agreements, thus relieving Saiger LLC of its obligation to compensate the Defendants under the Agreements.  Further, being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson's intended that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Defendant Andersson's misrepresentations.

55.     Upon information and belief, Defendants take a contrary position and believe that Mr. Andersson has not breached the Agreements and remain entitled to compensation from Saiger LLC under the Agreements.

56.     Saiger LLC requires clarification as to the extent of its rights and obligations with respect to the issue presented herein.

57.     Saiger LLC has a present interest in the subject matter of this action, and these antagonistic and adverse interests are all before the court by proper process.  The relief sought is not merely the giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to

enter judgment against Defendants Gabriel González Andersson and Glezco, LLC as follows:

    a.  Determining and declaring that Mr. Andersson has breached the Agreements;

    b.  Determining and declaring that Saiger LLC has no obligation, contractual or otherwise, to compensate Defendants under the Agreements;

    c.  Determining that Saiger LLC is fully released from any and all contractual obligation to remit the sums withheld pursuant to Section 1(b) of each of the Agreements;

    d.  Awarding Saiger LLC all attorneys' fees and costs; and

    e.  Awarding Saiger LLC such other relief as this Court deems just and proper under the circumstances.

### COUNT IV - DECLARATORY JUDGMENT
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING)
### Against All Defendants

58.    Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

59.    The parties have a bona fide, actual, present and practical need for a declaration concerning their present rights duties, obligations and status under the Agreements.

60.    Saiger LLC and Defendants' rights as to each other are dependent upon the facts and the law applicable to those facts, as determined by the Court.

61.    Saiger LLC and Defendants are parties to the Agreements, which are written contracts.

62.    Saiger LLC takes the position that Mr. Andersson, through a conscious and deliberate act, fails or refuses to discharge contractual responsibilities that unfairly frustrates the Agreements' purpose and disappoints Saiger LLC's expectations.  Defendants' breach deprives Saiger LLC of the Agreements' benefits and has caused Saiger LLC to suffer damages.  Further,

being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson intended that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Defendant Andersson's misrepresentations.

63.     Defendants have breached the express contractual provision of the Agreements by failing to provide any support in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements.

64.     Defendants take a contrary position and believe that Mr. Andersson has not breached the Agreements and remain entitled to compensation from Saiger LLC under the Agreements.

65.     Saiger LLC requires clarification as to the extent of its rights and obligations with respect to the issue presented herein.

66.     Saiger LLC has a present interest in the subject matter of this action, and these antagonistic and adverse interests are all before the court by proper process.  The relief sought is not merely the giving of legal advice or the answer to questions propounded for curiosity.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter judgment against Defendants Gabriel González Andersson and Glezco, LLC as follows:

     a.  Determining and declaring that Mr. Andersson has breached the implied covenant of good faith and fair dealing for each of the Agreements;

     b.  Determining and declaring that Saiger LLC has no obligation, contractual or otherwise, to compensate Defendants under the Agreements;

    c.   Determining that Saiger LLC is fully released from any and all contractual obligation to remit the sums withheld pursuant to Section 1(b) of each of the Agreements;

    d.   Awarding Saiger LLC all attorneys' fees and costs; and

    e.   Awarding Saiger LLC such other relief as this Court deems just and proper under the circumstances.

DATED: October 14, 2020

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: s/  *Etan Mark*
       Etan Mark
       Florida Bar No. 720852
       etan@markmigdal.com
       Daniel S. Maland
       Florida Bar No. 114932
       daniel@markmigdal.com
       eservice@markmigdal.com
       *Counsel for Plaintiff*

# EXHIBIT "A"

**CONSULTING AGREEMENT – 1M Units Nitrile Gloves (Titan)**

This AGREEMENT ("Agreement") is made this __ day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3°B, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

## RECITALS

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 1,000,000 units of nitrile gloves ("Glove Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Glove Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

   a) After Saiger pays the manufacturers of the nitrile gloves for the Glove Sale as per the agreement with the manufacturers and DHSC takes possession of all of the nitrile gloves ordered pursuant to the Glove Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Glove Sale, the Parties agree that Saiger shall wire to Andersson USD 1,667,896.57 ("Consulting Fee"), which is the full amount for services performed pursuant to the Glove Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

   b) The Parties further agree that USD 250,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Glove Sale ("Glove Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Glove Holdback. To the extent that any expenses and/or claims exceed USD 250,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 250,000.

   c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3.   Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4.   Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5.   Indemnification.**  Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Glove Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Glove Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6.   Severability**.  The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7.   Assignment**.  This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

**8.   Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.   Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9.   Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Glove Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Glove Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.

**SAIGER LLC d/b/a Laif.Works**

By: _michael saiger_
DocuSigned by:
E9620D67B6C34E3...

Name: Michael Saiger
Title: Managing Member
Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____
Email: gga@inverdis.com

# EXHIBIT "B"

**CONSULTING AGREEMENT – 3M Units Nitrile Gloves (Blue Sail)**

This AGREEMENT ("Agreement") is made this __ day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3ºB, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

**RECITALS**

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 3,000,000 units of nitrile gloves ("Glove Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Glove Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

   a) After Saiger pays the manufacturers of the nitrile gloves for the Glove Sale as per the agreement with the manufacturers and DHSC takes possession of all of the nitrile gloves ordered pursuant to the Glove Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Glove Sale, the Parties agree that Saiger shall wire to Andersson USD 3,661,645.57 ("Consulting Fee"), which is the full amount for services performed pursuant to the Glove Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

   b) The Parties further agree that USD 250,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Glove Sale ("Glove Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Glove Holdback. To the extent that any expenses and/or claims exceed USD 250,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 250,000.

   c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

1

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3.   Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4.   Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5.   Indemnification.**   Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Glove Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Glove Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6.   Severability**.  The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7.   Assignment**.  This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

**8. Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9. Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Glove Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Glove Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.

**SAIGER LLC d/b/a Laif.Works**

By: _michael saiger_

DocuSigned by:
E9620D67B8C34E3...

Name: Michael Saiger
Title: Managing Member
Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____

Email: gga@inverdis.com

# EXHIBIT "C"

**CONSULTING AGREEMENT – 10.2M Surgical Gowns**

This AGREEMENT ("Agreement") is made this 16 day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3ºB, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

**RECITALS**

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 10,200,000 surgical gowns ("Gown Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Gown Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

   a) After Saiger pays the manufacturers of the surgical gowns for the Gown Sale as per the agreement with the manufacturers and DHSC takes possession of all of the surgical gowns ordered pursuant to the Gown Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Gown Sale, the Parties agree that Saiger shall wire to Andersson USD 16,007,521.47 ("Consulting Fee"), which is the full amount for services performed pursuant to the Gown Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

   b) The Parties further agree that USD 1,000,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Gown Sale ("Gown Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Gown Holdback. To the extent that any expenses and/or claims exceed USD 1,000,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 1,000,000.

   c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3. Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4. Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5. Indemnification.** Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Gown Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Gown Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6. Severability**. The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7. Assignment**. This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

**8.  Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9.  Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Gown Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Gown Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.

**SAIGER LLC d/b/a Laif.Works**

By: _michael saiger_
E9620D67B6C34E3

Name: Michael Saiger

Title: Managing Member

Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____

Email: gga@inverdis.com

# EXHIBIT "D"



October 14, 2020

**<u>VIA ELECTRONIC MAIL</u>**
jonathan.morton@klgates.com

Mr. Jonathan B. Morton, Esq.
c/o Mr. Gabriel González Andersson
K&L Gates LLP
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida, 33131

Dear Mr. Morton:

We write on behalf of our client, Saiger LLC, with regard to Mr. Gabriel González Andersson's consulting agreements with Saiger LLC pertaining to Titan Nitrile Gloves, Blue Sail Nitrile Gloves and PureMed Gowns (collectively, the "Agreements"). *See* Agreements attached here as composite Exhibit A.

As you and Mr. Andersson are aware, in order for Glezco, LLC, and in turn, Mr. Andersson, to receive payment, the Agreements required Mr. Andersson "to assist in the procurement and performance of the contract [with the DHSC], including but not limited to, sourcing the manufacturer, due diligence and coordinating logistics."

Mr. Andersson's failure to perform these, and other requisite responsibilities under each of the Agreements, constitutes a material and irrevocable breach of the Agreements.

This letter shall serve as Saiger LLC's formal notice that it is declaring Mr. Andersson in breach of the Agreements and is rescinding all three of the Agreements with Mr. Andersson effective immediately.  Saiger LLC reserves all rights and waives none.

Kindly yours,

Etan Mark, Esq.
*Counsel for Saiger LLC*

*Enclosures*

# COMPOSITE
# EXHIBIT "A"

**CONSULTING AGREEMENT – 1M Units Nitrile Gloves (Titan)**

This AGREEMENT ("Agreement") is made this __ day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3ºB, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

## RECITALS

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 1,000,000 units of nitrile gloves ("Glove Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Glove Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

   a) After Saiger pays the manufacturers of the nitrile gloves for the Glove Sale as per the agreement with the manufacturers and DHSC takes possession of all of the nitrile gloves ordered pursuant to the Glove Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Glove Sale, the Parties agree that Saiger shall wire to Andersson USD 1,667,896.57 ("Consulting Fee"), which is the full amount for services performed pursuant to the Glove Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

   b) The Parties further agree that USD 250,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Glove Sale ("Glove Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Glove Holdback. To the extent that any expenses and/or claims exceed USD 250,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 250,000.

   c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3.   Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4.   Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5.   Indemnification.**   Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Glove Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Glove Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6.   Severability**.  The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7.   Assignment**.  This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

DocuSign Envelope ID: B0965C12-8697-4P0C-9940-3A6581596367

**8.   Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9.   Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Glove Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Glove Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.


**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.


**SAIGER LLC d/b/a Laif.Works**

By: _____

*DocuSigned by:*
*michael saiger*
E9620D67B6C34E3...

Name: Michael Saiger
Title: Managing Member
Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____

Email: gga@inverdis.com

## CONSULTING AGREEMENT – 3M Units Nitrile Gloves (Blue Sail)

This AGREEMENT ("Agreement") is made this __ day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3ºB, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

## RECITALS

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 3,000,000 units of nitrile gloves ("Glove Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Glove Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

    a) After Saiger pays the manufacturers of the nitrile gloves for the Glove Sale as per the agreement with the manufacturers and DHSC takes possession of all of the nitrile gloves ordered pursuant to the Glove Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Glove Sale, the Parties agree that Saiger shall wire to Andersson USD 3,661,645.57 ("Consulting Fee"), which is the full amount for services performed pursuant to the Glove Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

    b) The Parties further agree that USD 250,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Glove Sale ("Glove Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Glove Holdback. To the extent that any expenses and/or claims exceed USD 250,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 250,000.

    c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3.   Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4.   Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5.   Indemnification.**   Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Glove Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Glove Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6.   Severability**.  The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7.   Assignment**.  This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

**8. Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9. Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Glove Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Glove Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.

**SAIGER LLC d/b/a Laif.Works**

By: _michael saiger_
E9620D67B8C34E3...

Name: Michael Saiger

Title: Managing Member

Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____

Email: gga@inverdis.com

4

**CONSULTING AGREEMENT – 10.2M Surgical Gowns**

This AGREEMENT ("Agreement") is made this 16 day of June, 2020, by and between SAIGER LLC d/b/a Laif.Works, a Florida limited liability company, with its principal place of business at 1800 N. Miami Avenue, Miami, Florida 33136 ("Saiger"), on the one hand, and Gabriel González Andersson, an individual residing at Calle Espliego, 2 - 3ºB, La Moraleja 28109 Madrid ("Andersson"), on the other hand, and (Saiger, together with Andersson, the "Parties", and each, a "Party").

## RECITALS

**WHEREAS,** Saiger entered into a contract with the United Kingdom's Department of Health and Social Care ("DHSC") for the sale of approximately 10,200,000 surgical gowns ("Gown Sale");

**WHEREAS,** Saiger retained the services of Andersson to assist in the procurement and performance of the contract, including but not limited to, sourcing the manufacturer, due diligence, and coordinating logistics;

**WHEREAS,** the Parties desire to memorialize the payment terms related to Andersson's consulting services for the Gown Sale.

**NOW THEREFORE,** in consideration of the foregoing and for such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Payment Terms.**

   a) After Saiger pays the manufacturers of the surgical gowns for the Gown Sale as per the agreement with the manufacturers and DHSC takes possession of all of the surgical gowns ordered pursuant to the Gown Sale, and within two (2) business days after Saiger receives payment in full from DHSC of the entire purchase price of the Gown Sale, the Parties agree that Saiger shall wire to Andersson USD 16,007,521.47 ("Consulting Fee"), which is the full amount for services performed pursuant to the Gown Sale. The Parties acknowledge that the Consulting Fee may vary due to the exchange rate at the time of payment.

   b) The Parties further agree that USD 1,000,000 shall be held by Saiger for one (1) year, commencing at the time of payment of the Consulting Fee, to cover any additional expenses or potential claims, including but not limited to, any claims for indemnification under Section 5, that may arise from the Gown Sale ("Gown Holdback"). The Parties agree that at the end of the one (1) year period, provided there is no breach of the Agreement by Andersson, Saiger shall pay Andersson 100% of what is remaining from the Gown Holdback. To the extent that any expenses and/or claims exceed USD 1,000,000, Andersson shall be obligated to pay 50% of the expenses and/or claims in excess of USD 1,000,000.

   c) Payment to Andersson pursuant to this Agreement shall be wired to an account and entity (of his ownership) provided by Andersson on the payment date.

2. **Independent Status of the Parties.** Each Party shall, at all times, be an independent contractor hereunder, rather than a co-venturer, agent, employee, or representative of any other

DocuSign Envelope ID: 690B8E9D-5144-47D2-A9D8-38B229BBE769

Party. Each Party shall work independently, without supervision or training by any other Party, shall be responsible for its own taxes, shall not be required to work on continuing daily basis or any specific work schedule, and shall not be provided with office space or administrative support. Each Party is permitted to engage in other businesses and ventures. Each Party shall be solely responsible for complying with all laws, rules, and regulations applicable to its services hereunder.

**3. Governing Law and Venue.** This Agreement shall in all respects be construed in accordance with and governed by the procedural and substantive laws of the State of Florida, USA, without regard to the conflict-of-laws rules. The Parties agree that, in the event of any dispute arising out of or related to the subject matter of this Agreement or the transactions contemplated thereby, venue for any such dispute shall exclusively be in the state or federal courts located in Miami-Dade County, Florida, and that each party hereto waives any objection to such venue based on forum non conveniens or other grounds. Each party consents to the personal jurisdiction of the courts of Florida, and agrees not to bring any proceeding arising out of or related to the subject matter of this Agreement in any other court or forum.

**4. Confidentiality.** The Parties hereto agree that each shall treat confidentially the terms and conditions of this Agreement and all information provided by each party to the other regarding its business and operations. All confidential information provided by a party hereto shall be used by the other party solely for the purpose of rendering or obtaining services pursuant to this Agreement and, except as may be required in carrying out this Agreement, shall not be disclosed to any third party without prior written consent of the non-disclosing party. The foregoing shall not be applicable to any information that is publicly available when provided or thereafter becomes publicly available other than through a breach of this Agreement, or that is required to be disclosed by any government authority or court of law.

**5. Indemnification.** Each Party agrees to indemnify and hold harmless the other Party, its managers, officers, directors, employees, direct and indirect members, equity holders, accountants, attorneys and agents, from and against all third-party liability, including but not limited to reasonable costs and attorneys' fees actually incurred, directly resulting from, including but not limited to, any breach of representation, warranty, covenant or obligation under this Agreement and/or negligence, willful misconduct or fraud in connection with the procurement of the Gown Sale. Notwithstanding anything contained in this Agreement to the contrary, including the foregoing, should any third party bring a claim against Saiger in connection with the Gown Sale, Andersson agrees to indemnify Saiger for 50% of the reasonable costs and attorneys' fees, as well as any damages or settlement paid to the third party.

**6. Severability**. The provisions hereof shall be considered severable in the event that any of such provisions are held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable. Such invalid, void or otherwise unenforceable provisions shall be automatically replaced by other provisions which are valid and enforceable and which are as similar as possible in term and intent to those provisions deemed to be invalid, void or otherwise unenforceable. Notwithstanding the foregoing, the remaining provisions hereof shall remain enforceable to the fullest extent permitted by law.

**7. Assignment**. This Agreement shall not be assignable without the prior written consent of the Parties hereto and shall be binding upon and inure to the benefit of any heirs, executors, legal representatives or successors or permitted assigns of the parties hereto.

**8.  Entire Agreement; Amendment**.  This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.  Any prior oral representations which are not contained within this Agreement are not a part of this Agreement. This Agreement may not be amended, changed, modified or discharged, nor may any provision hereof be waived, except by an instrument in writing executed by or on behalf of the party against whom enforcement of any amendment, waiver, change, modification or discharge is sought. No course of conduct or dealing shall be construed to modify, amend or otherwise affect any of the provisions hereof.

**9.  Counterpart Execution**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one and the same instrument, and any of the Parties hereto may execute this Agreement by signing any such counterpart.

**10. Attorney Review.**  Each Party has had an opportunity to consult an attorney and has specifically consulted an attorney with respect to the terms and conditions of this Agreement and acknowledges that each Party fully understands this Agreement and the effect of signing and executing the Agreement.

**11. Attorneys' Fees.**  Each Party shall bear its own attorneys' fees and costs that were incurred in connection with the preparation of this Agreement; provided that the prevailing Party in any action to enforce this Agreement or by reason of this Agreement shall be entitled to recover its reasonable attorneys' fees and costs from the non-prevailing Party.

**12. Representations and Warranties.**  Each Party hereby represents and warrants that: (a) it is duly organized and validly existing and in good standing under the applicable laws of the place of their formation; and (b) each Party has full power and authority to enter into this Agreement and to perform the obligations hereunder. Each person executing this Agreement on behalf of a party represents that he or she is authorized to execute this Agreement on behalf of such Party and that by his or her signature below, such party agrees to and is bound by all of the terms and provisions of this Agreement.

**13. Anti-Corruption.** Andersson warrants and represents that he has not and shall not commit any offence under the U.S. Foreign Corrupt Practices Act, the U.K. Bribery Act 2010, or any anti-corruption law or regulation in any jurisdiction, or done any of the following: a) offered, given or agreement to give any government official any gift or consideration of any kind as an inducement or reward for doing or not doing or for having done or not having done any act in relation to the obtaining or performance of the Gown Sale, this Agreement or any other agreement with a government agency, or for showing or not showing favor or disfavor to any person in relation to the Gown Sale, this Agreement or any other agreement with a government agency. If Andersson commits any of the acts in this Section 13 or Saiger has good reason to believe that Andersson has committed such acts, Saiger reserves the right to immediately terminate this Agreement and recover the amounts paid to Andersson pursuant to this Agreement, as well as recover the amount and/or value of the gift given to the official.

**14. DISCLAIMER OF OTHER REPRESENTATIONS AND WARRANTIES; NON-RELIANCE**. EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN SECTION 13, (A) NEITHER SAIGER NOR ANYONE ACTING ON ITS BEHALF HAS MADE OR MAKES ANY EXPRESS OR IMPLIED REPRESENTATION OR WARRANTY WHATSOEVER, EITHER ORAL OR WRITTEN, INCLUDING BUT NOT LIMITED TO ANY WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, NON-INFRINGEMENT OR PERFORMANCE OF

GOODS OR PRODUCTS TO STANDARDS SPECIFIC TO THE COUNTRY OF IMPORT, WHETHER ARISING BY LAW, COURSE OF DEALING, COURSE OF PERFORMANCE, USAGE OF TRADE OR OTHERWISE, ALL OF WHICH ARE EXPRESSLY DISCLAIMED, AND (B) ANDERSSON ACKNOWLEDGES THAT HE HAS NOT RELIED UPON ANY REPRESENTATION OR WARRANTY MADE BY SAIGER, OR ANY OTHER PERSON ON ITS BEHALF, EXCEPT AS SPECIFICALLY PROVIDED IN SECTION 15 OF THIS AGREEMENT.

**15. NO LIABILITY FOR CONSEQUENTIAL OR INDIRECT DAMAGES**. EXCEPT FOR OBLIGATIONS TO MAKE PAYMENT UNDER THIS AGREEMENT, LIABILITY FOR INDEMNIFICATION, LIABILITY FOR BREACH OF THE ANTI-CORRUPTION PROVISION, OR LIABILITY FOR BREACH OF CONFIDENTIALITY, IN NO EVENT SHALL EITHER PARTY OR ITS REPRESENTATIVES BE LIABLE FOR CONSEQUENTIAL, INDIRECT, INCIDENTAL, SPECIAL, EXEMPLARY, PUNITIVE OR ENHANCED DAMAGES, LOST PROFITS OR REVENUES OR DIMINUTION IN VALUE, ARISING OUT OF OR RELATING TO ANY BREACH OF THIS AGREEMENT, REGARDLESS OF (A) WHETHER SUCH DAMAGES WERE FORESEEABLE, (B) WHETHER OR NOT THE OTHER PARTY WAS ADVISED OF THE POSSIBILITY OF SUCH DAMAGES AND (C) THE LEGAL OR EQUITABLE THEORY (CONTRACT, TORT OR OTHERWISE) UPON WHICH THE CLAIM IS BASED, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

**IN WITNESS WHEREOF**, the parties hereby agree to the terms and conditions set forth as of the day and year first above written.

**SAIGER LLC d/b/a Laif.Works**

By: _michael saiger_
E9620D67B6C34E3

Name: Michael Saiger
Title: Managing Member
Email: michael@laif.works

**GABRIEL GONZÁLEZ ANDERSSON**

By: _____
Email: gga@inverdis.com

4

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2020-022232-CA-02

SAIGER LLC d/b/a
LAIF.WORKS,

       Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

       Defendants.
_____/

## **SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

       YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on Defendant**, GLEZCO, LLC**, by serving its **Registered Agent, Capital Corporate Services, Inc., 515 E. Park Avenue, Second Floor, Tallahassee, FL 32301.**

## IMPORTANT

       A lawsuit has been filed against you.  Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney:

**Etan Mark, Esq.**
**MARK MIGDAL & HAYDEN**
**80 SW 8th Street, Suite 1999**
**Miami, Florida 33130 (305) 374-0440**

       You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney".

Dated on _____, 2020.

CLERK OF THE CIRCUIT COURT
(SEAL)

Clerk of the County Court

By:_____
    As Deputy Clerk

2

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

<u>IMPORTANT</u>

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2020-022232-CA-02

SAIGER LLC d/b/a
LAIF.WORKS,

      Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

      Defendants.

_____/


## **SUMMONS**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on Defendant, **GABRIEL GONZÁLEZ ANDERSSON**, by serving its **Calle Espliego, 2-3B, La Moralega 28109 Madrid, Spain.**

### IMPORTANT

      A lawsuit has been filed against you.  Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney:

**Etan Mark, Esq.**
**MARK MIGDAL & HAYDEN**
**80 SW 8th Street, Suite 1999**
**Miami, Florida 33130 (305) 374-0440**

      You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney".

Dated on _____, 2020.

CLERK OF THE CIRCUIT COURT
(SEAL)


Clerk of the County Court


By:_____
    As Deputy Clerk

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

<u>IMPORTANT</u>

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

Filing # 115274646 E-Filed 10/20/2020 12:27:08 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2020-022232-CA-02

SAIGER LLC d/b/a
LAIF.WORKS,

       Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on Defendant**, GLEZCO, LLC,** by serving its **Registered Agent, Capital Corporate Services, Inc., 515 E. Park Avenue, Second Floor, Tallahassee, FL 32301.**

IMPORTANT

     A lawsuit has been filed against you.  Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney:

**Etan Mark, Esq.**
**MARK MIGDAL & HAYDEN**
**80 SW 8th Street, Suite 1999**
**Miami, Florida 33130 (305) 374-0440**

     You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Filing # 115274646 E-Filed 10/20/2020 12:27:08 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2020-022232-CA-02

SAIGER LLC d/b/a
LAIF.WORKS,

       Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
in this lawsuit on Defendant**, GABRIEL GONZÁLEZ ANDERSSON**, by serving its **Calle
Espliego, 2-3B, La Moralega 28109 Madrid, Spain.**

IMPORTANT

      A lawsuit has been filed against you.  Each defendant is required to serve written defenses
to the complaint or petition on Plaintiff's attorney:

**Etan Mark, Esq.**
**MARK MIGDAL & HAYDEN**
**80 SW 8th Street, Suite 1999**
**Miami, Florida 33130 (305) 374-0440**

      You have 20 calendar days after this summons is served on you to file a written response to
the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written
response, including the case number given above and the names of the parties, must be filed if you
want the court to hear your side of the case.  If you do not file your response on time, you may lose
the case, and your wages, money, and property may thereafter be taken without further warning from
the court.  There are other legal requirements.  You may want to call an attorney right away.  If you
do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the
phone book).

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2020-022232-CA-02

Plaintiff:
**SAIGER LLC d/b/a LAIF, WORKS,**

vs.

Defendant:
**GABRIEL GONZALEZ ANDERSSON, and GLEZCO, LLC, et al.,**

For:
Etan Mark
Mark Migdal & Hayden
80 Sw 8 Street
Suite 1999
Miami, FL 33130

Received by DLE Process Servers, Inc on the 26th day of October, 2020 at 10:22 am to be served on Glezco, Llc Registered **Agent: Capital Corporate Services, Inc., 515 E. Park Avenue, Second Floor, Tallahassee, FL 32301.**

I, Richard Kolodgy, do hereby affirm that on the 27th day of October, 2020 at **12:35 pm, I:**

served a **LIMITED LIABILITY COMPANY** by delivering a true copy of the Summons, Complaint and Exhibits, at 515 E. Park Avenue, Second Floor, Tallahassee, FL 32301 with the date and hour of service endorsed thereon by me, to: **Taylor Seay** as Employee Authorized for Capital Corporate Services, Inc., REGISTERED AGENT on behalf of Glezco, Llc and informing said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

Richard Kolodgy
Process Server #204

DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2020043988
Ref: CM# 506

Filing # 115274646 E-Filed 10/20/2020 12:27:08 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2020-022232-CA-02

SAIGER LLC d/b/a
LAIF.WORKS,

      Plaintiff,

vs.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability company

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on Defendant, **GLEZCO, LLC**, by serving its **Registered Agent, Capital Corporate Services, Inc., 515 E. Park Avenue, Second Floor, Tallahassee, FL 32301.**

## IMPORTANT

      A lawsuit has been filed against you. Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney:

**Etan Mark, Esq.**
**MARK MIGDAL & HAYDEN**
**80 SW 8th Street, Suite 1999**
**Miami, Florida 33130 (305) 374-0440**

      You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney".

Dated on _____10/20/2020_____, 2020.

CLERK OF THE CIRCUIT COURT
(SEAL)

Clerk of the County Court

By:_____308760_____

As Deputy Clerk

2

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesada. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

3

Exhibit B

| | |
|---|---|
| **From:** | Morton, Jonathan B. |
| **To:** | Etan Mark |
| **Cc:** | Daniel Maland; Jany Fernandez; Roldan Cora, Javier A. |
| **Subject:** | RE: Saiger LLC v. Andersson et al |
| **Date:** | Thursday, November 12, 2020 1:21:58 PM |
| **Attachments:** | image001.png |
| | image002.png |

Yes, Andersson is deemed served today.



**Jonathan B. Morton**
Partner
K&L Gates LLP
Southeast Financial Center - Suite 3900
200 South Biscayne Blvd
Miami, Fl. 33131
Phone: 305-539-3357
Fax: 305-358-7095
jonathan.morton@klgates.com
www.klgates.com

cid:image004.png@01D62916.03F4C300



—

**From:** Etan Mark <Etan@markmigdal.com>
**Sent:** Thursday, November 12, 2020 11:33 AM
**To:** Morton, Jonathan B. <Jonathan.Morton@klgates.com>
**Cc:** Daniel Maland <Daniel@markmigdal.com>; Jany Fernandez <Jany@markmigdal.com>; Roldan Cora, Javier A. <Javier.RoldanCora@klgates.com>
**Subject:** RE: Saiger LLC v. Andersson et al

**External Sender:**

I take your email below to mean that you are accepting service on behalf of Andersson. Should we say that service is effective today?
Mr. Saiger is the sole member of Saiger LLC.