IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-CV-24672

SAIGER LLC d/b/a
LAIF.WORKS,,

        Plaintiff,

   v.

GABRIEL GONZÁLEZ ANDERSSON, and
GLEZCO, LLC, a Florida limited liability
company,

        Defendant.

_____/

## DEFENDANT GLEZCO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF SAIGER, LLC'S COMPLAINT

Defendant Glezco, LLC ("**Glezco**" or "**Defendant**"), by and through its undersigned Counsel, K&L Gates, LLP, hereby respectfully submits its Answer and Affirmative Defenses to Plaintiff Saiger, LLC d/b/a Laif.Works' ("**Saiger** LLC" or "**Plaintiff**") Complaint, filed in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County (the "**Complaint**"), and in support thereof states:

## GENERAL DENIALS

Except as expressly stated herein, Glezco denies every allegation and statement made in the headings and subheadings of the Complaint, which are reproduced below for reference only and not as admissions of any of the allegations or statements made therein. In responding to the Complaint, Glezco is responding on behalf of itself only, and not on behalf of any other person or entity. In response to the numbered allegations in the Amended Complaint, Glezco states as follows:

## <u>NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE</u>

1.      This is an action for fraud in the inducement, rescission, as well as for declaratory relief pursuant to Fla. Stat. Ch 86.01.

**ANSWER:**     Paragraph 1 sets forth Plaintiff's characterizations of this action for which no response is required. To the extent that a response may be required, Glezco denies the allegations set forth in Paragraph 1.

2.      Venue is proper in Miami-Dade County, Florida pursuant to Florida Statutes § 47.011 as the parties have contractually consented to jurisdiction in this forum, both Plaintiff and Glezco Defendant are Florida Limited Liability companies, Plaintiff's principal place of business is located in this forum, and the cause of action accrued in this forum.

**ANSWER:**     Paragraph 2 sets forth Plaintiff's characterizations of this action for which no response is required. To the extent that a response may be required, Glezco denies the allegations set forth in Paragraph 2.

3.      Plaintiff is a Florida limited liability company with its principal place of business in Miami, Florida.

**ANSWER:**     Admitted.

4.      Defendant Andersson is a natural person residing in Madrid, Spain and is otherwise *sui juris.*

**ANSWER:**     Admitted.

5.      Defendant Glezco is a Florida limited liability company with a principal place of business in Madrid, Spain.

**ANSWER:**     Admitted.

6.      All conditions precedent to this action have occurred, been performed, or have otherwise been waived.

**ANSWER:**    Denied.

<u>**GENERAL ALLEGATIONS**</u>

7.    In the first quarter of 2020, Michael Saiger, Plaintiff's principal, established Saiger LLC's business of assisting governmental entities in obtaining large quantities of personal protective equipment ("PPE") in response to COVID-19.

**ANSWER:**    Glezco is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same.

8.    At the time of its creation, Mr. Saiger had significant experience in working with manufacturers and distributors in China. Based on this experience, Mr. Saiger was able to secure a number of lucrative contracts with the government of the United Kingdom.

**ANSWER:**    Denied.

9.    Looking to solidify its operations and expand its footprint in Europe, in March 2020, Saiger LLC began discussions with Defendant Andersson. As a result of representations made by Mr. Andersson during those discussions, Mr. Saiger understood Mr. Andersson to be an experienced operator of large-scale distribution projects, similar to the types of projects Saiger LLC was undertaking.

**ANSWER:**    Denied.

10.    Mr. Saiger and Mr. Andersson discussed a role for Mr. Andersson with Saiger LLC where he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment – effectively acting as Saiger LLC's third-party Chief Operating Officer.

**ANSWER:**    Denied.

308252639.5

11.     Through the course of these conversations, Mr. Andersson assured Mr. Saiger that he had the ability to and would actively engage in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for each project in which he was employed.

**ANSWER:**     Denied.

12.     Although Mr. Andersson wanted a long-term contractual commitment from Saiger LLC, the parties ultimately decided that Mr. Andersson would be compensated on a project-by-project basis subject to his continued commitment and participation.

**ANSWER:**     Denied.

13.     Mr. Andersson did very well under this arrangement, and for his assistance in the completion of two (2) contracts, was paid more than $28 million.

**ANSWER:**     Denied.

14.     On or about June 11, 2020, Mr. Saiger and Mr. Andersson continued discussions regarding Mr. Andersson's future role in Saiger, LLC. In particular, Saiger LLC had sourced three new contracts with the United Kingdom's Department of Health and Social Care ("DHSC") and Mr. Saiger and Mr. Andersson wished to discuss Mr. Andersson's future commitment to Saiger.

**ANSWER:**     Denied.

15.     During that conversation, Mr. Saiger advised Mr. Andersson that in order for him to receive compensation under each of the consulting agreements, he would need to maintain or exceed his current level of participation on a project-by-project basis. Andersson assured Mr. Saiger and Saiger LLC that he would do just that.

**ANSWER:**     Denied.

308252639.5

16.     In mid-June 2020, in continued reliance on Mr. Andersson's representations to Mr. Saiger regarding the proactive role he would play for Saiger LLC, its customers, and its manufacturers on a project-by-project basis, Mr. Saiger and Mr. Andersson signed three new consulting agreements – one for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns (together, the "Agreements").

**ANSWER:**   Admitted that Andersson and Saiger signed the three consulting agreements attached to the Complaint as Exhibits A through C, and titled CONSULTING AGREEMENT – 1M Units Nitrile Gloves (Titan) (attached to the Complaint as Exhibit A), CONSULTING AGREEMENT – 3M Units Nitrile Gloves (Blue Sail) (attached to the Complaint as Exhibit B), and CONSULTING AGREEMENT – 10.2M Surgical Gowns (attached to the Complaint as Exhibit C) respectively. Otherwise, Glezco denies all other allegations in Paragraph 16.

17.     Each of these Agreements is attached hereto as Exhibit A, B and C, respectively.

**ANSWER:** Admitted.

18.     As was the case with prior agreements, each Agreement expressly contemplated that Mr. Andersson would provide services to Saiger LLC, which includes "sourcing the manufacturer, due diligence and coordinating logistics." See Exs. A, B and C at 1.

**ANSWER:** Defendant denies the allegations in Paragraph 18, as the referenced documents speak for themselves.

19.     Subject to Mr. Andersson's performance, and as consideration for Mr. Andersson's work, Saiger LLC agreed to pay Glezco as follows:

      a.     Upon full payment from DHSC for the sale of 1,000,000 boxes of Titan nitrile gloves, Saiger LLC would pay Glezco approximately $1,667,896.57 for "services performed" (see Ex. A);

      b.     Upon full payment from DHSC for the sale of 3,000,000 boxes of Blue Sail nitrile gloves, Saiger LLC would pay Glezco approximately $3,661,645.57 for "services performed" (see Ex. B);

      c.     Upon full payment from DHSC for the sale of 10,200,000 surgical gowns, Saiger LLC would pay Glezco approximately $16,007,521.47 for "services performed" (see Ex. C).

**ANSWER:** Defendant denies the allegations in Paragraph 19, as the referenced documents speak for themselves.

20.     Saiger LLC and Mr. Andersson intended that Glezco benefit from the Agreements, as all payments under the Agreements were to be made to Glezco subject to the terms of the Agreements, including but not limited to Mr. Andersson's fulfillment of his responsibilities.

**ANSWER:** Denied.

308252639.5

21.     Mr. Andersson understood these roles and responsibilities as a condition to payment, as he had provided these services in the performance of previous consulting agreements. These responsibilities included (i) providing logistics and shipping support services for the Plaintiff; (ii) working to ensure that Plaintiff's products were and are delivered to Plaintiff's customers in accordance with Plaintiff's existing and forthcoming customer contracts and commercial/customs specifications; (iii) assisting Plaintiff in sourcing manufacturers to produce required products; (iv) monitoring Plaintiff's product production and deliveries to ensure the Plaintiff's delivery schedules are met; (v) engaging in quality control; (vi) ensuring that Plaintiff's operations generally ran smoothly with regard to the shipment and delivery of Plaintiff's products to its customers; and (vii) reviewing product/factory documentation and samples to ensure Plaintiff's compliance with regulatory standards and customer specification.

**ANSWER:** Denied.

22.     Immediately following the execution of the Agreements, Mr. Andersson stopped performing any of the required services under the Agreements.

**ANSWER:** Denied.

23.     Mr. Andersson did not provide the Plaintiff with notice, reason or explanation for why he failed to perform his duties under the Agreements.

**ANSWER:** Denied.

24.     Without Mr. Andersson's help, Plaintiff was left to scramble, at its own considerable time and expense, and expend substantial resources to course correct and complete the work Mr. Andersson failed to perform under these agreements.

**ANSWER:** Denied.

308252639.5

25.     Plaintiff made repeated attempts to re-engage and reconnect with Mr. Andersson, with no success.

**ANSWER:** Denied.

26.     Plaintiff relied on Mr. Andersson to perform pursuant to the terms of their Agreements, and Mr. Andersson's refusal and failure to perform under the Agreements have constituted a breach of contract such as to relieve Plaintiff of its obligations to compensate Defendants under these contracts.

**ANSWER:** Denied.

27.     Defendants on the other hand are poised to receive a windfall should they be paid out under these contracts, as they will be compensated despite having failed to provide any of the services he was required to provide under these contracts.

**ANSWER:** Denied.

28.     Unfortunately, and unacceptably, Defendants' failure to perform under the contracts caused business interruptions that delayed the delivery of PPE to health care providers and first responders in the United Kingdom during the COVID-19 pandemic.

**ANSWER:** Denied.

29.     On October 14, 2020, Saiger LLC informed the Defendants in writing that it was rescinding the Agreements as a result of Mr. Andersson's breaches. *See* Notice of Rescission, attached as Exhibit D.

**ANSWER:** Denied.

30.     Each of the Agreements contains an unambiguous governing law and venue clause in which Plaintiff and Mr. Andersson expressly consent to the exclusive jurisdiction of the state and federal courts located in Miami-Dade County, Florida; waive any and all objections to such venue on forum non conveniens or other grounds; consent to personal jurisdiction of the courts of Florida; and agree that the agreements shall be construed and governed in accordance with the laws of the State of Florida. *See* Exhibits A, B, and C at §3.

**ANSWER:** Denied.

31.     Saiger LLC has retained the services of Mark Migdal & Hayden and is obligated to pay it a reasonable fee for its services.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 31 as they are not directed at Glezco. If the allegations can be construed against Glezco, Glezco is without sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph, and therefore denies the same.

<u>**COUNT I – FRAUD IN THE INDUCEMENT**</u>
**Against Andersson**

32.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

**ANSWER:** Glezco incorporates and re-alleges its responses to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

33.     In April 2020, and again in June 2020, Mr. Andersson made multiple false statements to Mr. Saiger regarding the material facts that he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for the Agreements.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 33 as they are

not directed at Glezco.

34.     Included among those false statements were Mr. Andersson's misrepresentations and agreements that he would only seek to be paid after performing the work contemplated and required by the Agreements.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 34 as they are not directed at Glezco.

35.     On or about June 11, 2020, as part of their negotiations, Saiger LLC advised Mr. Andersson that in order for him to receive compensation under each of the consulting agreements, he would need to maintain or exceed his participation on a project-by-project basis. Andersson assured Mr. Saiger and Saiger LLC that he would do just that.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 35 as they are not directed at Glezco.

36.     At the time he made the representations, Mr. Andersson knew or should have known that those representations were false and that he had no intention of performing under the Agreements, and that he would inequitably seek to be paid despite having performed no work under the Agreements.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 36 as they are not directed at Glezco.

37.     Through his misrepresentations, Mr. Andersson intended to induce Saiger LLC to enter into the Agreements with Mr. Andersson.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 37 as they are not directed at Glezco.

38.     In mid-June 2020, in reliance on Mr. Andersson's representations to Mr. Saiger regarding the pro-active role he would play for Saiger LLC on a project-by-project basis, Saiger LLC and Mr. Andersson signed three new consulting agreements – one for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 38 as they are not directed at Glezco.

39.     Mr. Andersson has not engaged in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements, as promised, and thus has breached each of the Agreements.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 39 as they are not directed at Glezco.

40.     Saiger LLC has suffered damages in justifiable reliance on Mr. Andersson's representations and concealments as pertains to those Agreements. But for its reliance upon the aforesaid misrepresentations of material fact and concealment of material facts by Mr. Andersson, Saiger LLC would not have entered into the Agreements.

**ANSWER:** Glezco neither admits nor denies the allegations contained Paragraph 40 as they are not directed at Glezco.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter final judgment against Defendants Gabriel González Andersson and Glezco, LLC in Saiger LLC's favor for fraud in the inducement, order that the Agreements be rescinded in their entirety such as to return all parties to the status quo, award Plaintiff attorneys' fees and costs incurred in bringing this action, together with such other relief this Court deems just and proper under the circumstances. Saiger LLC reserves the right to claim punitive damages in accordance with

governing law.

**ANSWER:** Glezco denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph after Paragraph 40.

**COUNT II – RESCISSION**
**Against All Defendants**

41.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

**ANSWER:** Glezco incorporates and re-alleges its responses to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

42.     Saiger LLC and Mr. Andersson agreed that Mr. Andersson would serve as a consultant to Saiger LLC on a project-by-project basis.

**ANSWER:** Denied.

43.     In April 2020, and again in June 2020, Mr. Andersson made multiple fraudulent statements to Saiger LLC regarding the material facts that he would be actively engaged in the procurement, logistics, due diligence, product sourcing and quality control of the PPE equipment for the Agreements.

**ANSWER:** Denied.

44.     Mr. Andersson knew or should have known that those representations were false and that he had no intention of performing under the Agreements at the time he made the representations.

**ANSWER:** Denied.

45.     In mid-June 2020, in reliance on Mr. Andersson's fraudulent misrepresentations to Saiger LLC regarding the proactive role he would play for Saiger LLC's customers on a project-by-project basis, Saiger LLC and Mr. Andersson signed three new consulting agreements – one

for Titan gloves, one for Blue Sail gloves, and one for PureMed gowns, each of which is attached hereto as Exhibit A, B and C, respectively.

**ANSWER:** Denied.

46.     Mr. Andersson has not engaged in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements, as promised, and thus has breached each of the Agreements.

**ANSWER:** Denied.

47.     On October 14, 2020, Saiger LLC informed the Defendants in writing that it was rescinding the Agreements as a result of Mr. Andersson's breaches.

**ANSWER:** Denied.

48.     Upon information and belief, Saiger LLC has received no benefits from the Defendants from the Agreements, and thus there are no benefits to be restored to the Defendants.

**ANSWER:** Denied.

49.     Being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson's intention that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Mr. Andersson's misrepresentations.

**ANSWER:** Denied.

50.     Saiger LLC has no adequate remedy at law.

**ANSWER:** Denied.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter final judgment against Defendants Gabriel González Andersson and Glezco, LLC in Plaintiff's favor for rescission of the Agreements, order that the Agreements be rescinded in their

308252639.5

entirety such as to return all parties to the status quo, together with such other relief this Court deems just and proper under the circumstances.

**ANSWER:** Glezco denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph after Paragraph 50.

**COUNT III - DECLARATORY JUDGMENT**
**(BREACH OF CONTRACT)**
**Against All Defendants**

51.     Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

**ANSWER:** Glezco incorporates and re-alleges its responses to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     The parties have a bona fide, actual, present and practical need for a declaration concerning their present rights, duties, obligations and status under the Agreements.

**ANSWER:** Denied.

53.     Saiger LLC and Defendants' rights as to each other are dependent upon the facts and the law applicable to those facts, as determined by the Court.

**ANSWER:** Denied.

54.     Saiger LLC takes the position that Mr. Andersson has breached the Agreements by failing to perform any and all of their duties under the Agreements, thus relieving Saiger LLC of its obligation to compensate the Defendants under the Agreements. Further, being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson's intended that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Defendant Andersson's misrepresentations.

**ANSWER:** Denied.

55.     Upon information and belief, Defendants take a contrary position and believe that Mr. Andersson has not breached the Agreements and remain entitled to compensation from Saiger LLC under the Agreements.

**ANSWER:** Admitted that Glezco believes that Andersson has not breached the Agreements and remains entitled to compensation from Plaintiff under the Agreements.

56.     Saiger LLC requires clarification as to the extent of its rights and obligations with respect to the issue presented herein.

**ANSWER:** Denied.

57.     Saiger LLC has a present interest in the subject matter of this action, and these antagonistic and adverse interests are all before the court by proper process. The relief sought is not merely the giving of legal advice or the answer to questions propounded for curiosity.

**ANSWER:** Denied.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter judgment against Defendants Gabriel González Andersson and Glezco, LLC as follows:

a.      Determining and declaring that Mr. Andersson has breached the Agreements;

b.      Determining and declaring that Saiger LLC has no obligation, contractual or otherwise, to compensate Defendants under the Agreements;

c.      Determining that Saiger LLC is fully released from any and all contractual obligation to remit the sums withheld pursuant to Section 1(b) of each of the Agreements;

d.      Awarding Saiger LLC all attorneys' fees and costs; and

308252639.5

      e.      Awarding Saiger LLC such other relief as this Court deems just and proper under the circumstances.

**ANSWER:** Glezco denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph after Paragraph 57.

**COUNT IV - DECLARATORY JUDGMENT**
**(BREACH OF IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING)**
**Against All Defendants**

58.      Saiger LLC incorporates by reference the allegations contained in paragraph 1 through 31 as though fully set forth herein.

**ANSWER:** Glezco incorporates and re-alleges its responses to Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.      The parties have a bona fide, actual, present and practical need for a declaration concerning their present rights duties, obligations and status under the Agreements.

**ANSWER:** Denied.

60.      Saiger LLC and Defendants' rights as to each other are dependent upon the facts and the law applicable to those facts, as determined by the Court.

**ANSWER:** Denied.

61.      Saiger LLC and Defendants are parties to the Agreements, which are written contracts.

**ANSWER:** Denied.

62.      Saiger LLC takes the position that Mr. Andersson, through a conscious and deliberate act, fails or refuses to discharge contractual responsibilities that unfairly frustrates the Agreements' purpose and disappoints Saiger LLC's expectations. Defendants' breach deprives Saiger LLC of the Agreements' benefits and has caused Saiger LLC to suffer damages. Further, being that Mr. Andersson is the managing member and agent of Glezco and Mr. Andersson

16

intended that his representations would induce Saiger LLC to pay funds to Glezco under the Agreements, Glezco is a direct and exclusive beneficiary of Defendant Andersson's misrepresentations.

**ANSWER:** Denied.

63.     Defendants have breached the express contractual provision of the Agreements by failing to provide any support in the procurement, logistics, product sourcing and quality control of the PPE equipment at the center of each of the Agreements.

**ANSWER:** Denied.

64.     Defendants take a contrary position and believe that Mr. Andersson has not breached the Agreements and remain entitled to compensation from Saiger LLC under the Agreements.

**ANSWER:** Admitted that Glezco believes that Andersson has not breached the Agreements and remains entitled to compensation from Plaintiff under the Agreements.

65.     Saiger LLC requires clarification as to the extent of its rights and obligations with respect to the issue presented herein.

**ANSWER:** Denied.

66.     Saiger LLC has a present interest in the subject matter of this action, and these antagonistic and adverse interests are all before the court by proper process. The relief sought is not merely the giving of legal advice or the answer to questions propounded for curiosity.

**ANSWER:** Denied.

WHEREFORE, Plaintiff Saiger LLC d/b/a Laif.Works, respectfully requests this Court to enter judgment against Defendants Gabriel González Andersson and Glezco, LLC as follows:

308252639.5

a.      Determining and declaring that Mr. Andersson has breached the implied covenant of good faith and fair dealing for each of the Agreements;

b.      Determining and declaring that Saiger LLC has no obligation, contractual or otherwise, to compensate Defendants under the Agreements;

c.      Determining that Saiger LLC is fully released from any and all contractual obligation to remit the sums withheld pursuant to Section 1(b) of each of the Agreements;

d.      Awarding Saiger LLC all attorneys' fees and costs; and

e.      Awarding Saiger LLC such other relief as this Court deems just and proper under the circumstances.

**ANSWER:** Glezco denies that Plaintiff is entitled to any of the relief sought in the unnumbered paragraph after Paragraph 66.

## AFFIRMATIVE DEFENSES

Glezco assert the following Affirmative Defenses to the Complaint and reserve the right to raise such additional affirmative defenses as may be established during the course of discovery and in the investigation of this matter. Glezco expressly incorporates the responses and allegations in its Answers as set out above and, with respect to each affirmative defense, incorporate the facts alleged as to each other affirmative defense. In asserting these Affirmative Defenses, Glezco does not assume any burden of proof, persuasion, or production on such defenses where such burden would otherwise fall on Plaintiff. Nothing stated herein is intended or shall be construed as an acknowledgement that a particular issue or subject matter is relevant to Plaintiff's allegations.

### Affirmative Defense No. 1 - Failure to State a Claim

Plaintiff's claims asserted in the Complaint are barred because the facts alleged in the Complaint do not support a conclusion that Glezco engaged in any conduct that is wrongful under

18

any statute or any legal or equitable doctrine or theory. Specifically, Plaintiff's own allegations support the fact that Glezco was not a party to any of the Agreements, but merely an intermediate entity through which payments to Andersson would be made. As such, Glezco can neither breach the Agreements, the Agreements cannot be rescinded against it, and no declaration made by this Court will clarify the rights between Glezco and Plaintiff as it relates to the Agreements. Thus, Plaintiff's Complaint should be dismissed in its entirety as it relates to Glezco.

### Affirmative Defense No. 2 - Adequate Remedy at Law

Plaintiff's claim for rescission (Count II) is barred as a matter of law because Plaintiff has adequate remedies at law available to him. All remedies sought by Plaintiff in the Complaint are monetary in nature, a quintessential remedy at law. Plaintiff's allegations that there is no adequate remedy at law is a mere formulaic recitation of the elements of these claims unsupported by any factual allegations, and, as such, Plaintiff's Counts II fails to state a claim and should be dismissed.

### Affirmative Defense No. 3 - Promise Not Performed

Plaintiff's claim for rescission (Count II), is barred as a matter of law because as alleged it rests solely upon promises not performed. As a general rule, fraud cannot be predicated upon a mere promised not performed, which is exactly what has been alleged by Plaintiff. As such, Plaintiff's Count II fails as a matter of law.

### Affirmative Defense No. 4 - Unclean Hands

Plaintiff's claims for rescission (Count II) is barred as a matter of law because Plaintiff has waived such claims as they lie in equity and Plaintiff has unclean hands because of his deceitful conduct detrimental to Glezco and Andersson, including prior breaches of the Agreements by failing to pay Andersson within two days of having received full payment under the Agreements.

### Affirmative Defense No. 5 - Failure to Plead Fraud with Specificity

Plaintiff's claims for rescission (Counts  II) is barred as a matter of law for failure to state

a claim as Plaintiff has failed to plead fraud with the requisite specificity. The circumstances surrounding fraud must be plead with specificity. *See* Fed. R. Civ. P. 9. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Here Plaintiff has failed to allege any of the circumstances surrounding the alleged fraud with the requisite specificity and as such has failed to state a proper claim for fraud in the inducement and is not entitled to rescission.

<u>**DEMAND FOR JURY TRIAL**</u>

Defendant Glezco respectfully demands trial by jury of all issues so triable as a matter of right by a jury.

November 16, 2020

Respectfully submitted,

**K&L Gates, LLP**
Southeast Financial Center
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Telephone:  305-539-3300
Facsimile:  305-358-7095

By: */s/ Jonathan B. Morton*
Jonathan B. Morton
Florida Bar No. 956872
Jonathan.morton@klgates.com
Javier A. Roldán Cora
Florida Bar No. 1010311
Javier.roldancora@klgates.com
*Attorneys for Defendant*

308252639.5

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 16th day of November, 2020, (1) a true and correct copy of the foregoing document was filed electronically with the Clerk of Court for the Southern District of Florida using the Court's CM/ECF document filing system and will be served on counsel of record who are registered for CM/ECF service in this matter; and (2) the foregoing document was also served on the persons named below via email.

*/s/ Jonathan B. Morton*
Jonathan B. Morton

## SERVICE LIST

Etan Mark
Daniel Maland
Jany Fernandez
Mark Migdal & Hayden
Brickell City Tower
80 SW 8th Street, Suite 1999
Miami, FL 33130
Etan@markmigdal.com
Daniel@markmigdal.com
Jany@markmigdal.com
Counsel for Plaintiff

308252639.5